AMOR FAMILY BROADCASTING GROUP, Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents,

Estereotempo, Inc., Intervenor.

No. 89–1366.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 16, 1990.

Decided Nov. 16, 1990.

As Amended Jan. 4, 1991.

Jonathan W. Emord, with whom Richard J. Bodorff, Washington, D.C., was on the brief, for petitioner.

Gregory M. Christopher, Atty., F.C.C., for respondents. James F. Rill, Asst. Atty. Gen., Robert B. Nicholson, and David Seidman, Attys., Dept. of Justice, Daniel M. Armstrong, Associate Gen. Counsel, and David Silberman, Counsel, F.C.C., Washington, D.C., were on the brief for respondents.

Edward S. O'Neill, Washington, D.C., entered an appearance, for intervenor.

Before EDWARDS, D.H. GINSBURG, and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Petitioner Amor Family Broadcasting Group ("Amor" or "Petitioner") is appealing a decision of the Federal Communications Commission ("the Commission" or "FCC") dismissing a rulemaking petition to allocate a radio channel to Santa Isabel, Puerto Rico. As the petitioner has failed to show that the FCC's decision was unreasonable or inconsistent with FCC policy, we affirm the FCC's decision to dismiss the rulemaking petition.

## I. BACKGROUND

In January of 1984, Pablo Rodriguez filed a request with the FCC requesting the Commission to allocate a radio channel to provide first local service to Santa Isabel, Puerto Rico. In response, the FCC published a notice of proposed rulemaking to allocate Channel 258 to Santa Isabel. The Notice stated that the proponent of the proposed allotment must file an expression of continuing interest during the comment period following the Notice, upon pain of dismissal. *Notice of Proposed Rule Making and Order to Show Cause,* 50 Fed. Reg. 29,450 (July 11, 1984).

Neither Rodriguez nor any other interested parties filed expressions of interest

during the comment period ending September 3, 1985. Rodriguez did, however, file comments a month after the filing period had ended. Rodriguez, *Comments in Support to Notice of Proposed Rule Making and Order to Show Cause in MM Docket No. 85–211* (Oct. 7, 1985). Although Rodriguez provided no explanation at the time of the late filing, he later contended that this delay was due to his inability to speak English and his status as a *pro se* petitioner. Rodriguez, *Petition for Reconsideration in MM Docket No. 85–211* (Mar. 17, 1986).

Meanwhile, on September 3, 1985, a licensee in San Juan, Puerto Rico, Estereotempo, filed comments in opposition to Rodriguez's proposal. Estereotempo, Comments in Opposition to Notice of Proposed Rule Making and Order to Show Cause in MM Docket No. 85–211 (Sept. 3, 1985). Estereotempo had previously filed a competing proposal to move its transmitter site and improve its facilities. Since the new site Estereotempo requested would be "short-spaced" if Channel 258 were allocated to Santa Isabel, the FCC held Estereotempo's application in abeyance while the Rodriguez petition was pending. FCC, *Report and Order*, 51 Fed.Reg. 6119 (Feb. 13, 1986). The FCC then dismissed Rodriguez's petition, relying on Rodriguez's "consistent disregard for the Commission's procedures" and the delay Rodriguez's late filing caused to Estereotempo's competing petition. *Id.*

Rodriguez petitioned for reconsideration of this decision, as did the petitioner in this case, Amor. Although it was nearly six months after the comment period, Amor entered the rulemaking process to express its interest in applying for the channel if it were allocated to Santa Isabel. Amor, *Petition for Reconsideration in MM Docket No. 85–211* (Mar. 13, 1986). Amor explained that it was entering the rulemaking process at this time because it had no prior knowledge about the proceeding, as Amor organizer Jose Luzunaris was unable to speak English and Amor did not have an attorney at the time of the Notice. Amor, *Application for Review in MM Docket No. 85–211* (July 13, 1987). However, the FCC

consistently denied both Rodriguez's and Amor's petitions for reconsideration. *See Memorandum Opinion and Order*, 2 FCC Rcd 3454 (June 10, 1987); *Memorandum Opinion and Order*, 64 Rad.Reg.2d 1408 (Apr. 22, 1988); *Memorandum Opinion and Order*, FCC 89–111 (Apr. 11, 1989).

First, the FCC rejected Rodriguez's and Amor's claims that they were unable to file their expressions of interest before the filing deadline. The FCC found that Rodriguez's participation with regard to both his petition for rulemaking and his responses to Estereotempo's competing application "manifests a sufficient degree of literacy in English as well as an adequate familiarity with Commission procedures to enable him to have filed on a timely basis." *Memorandum Opinion and Order*, 2 FCC Rcd at 3455. With regard to Amor's claims, the Commission found it significant that Amor did not claim that it was prevented from acquiring notice, since the FCC is required only to provide an interested party with an opportunity to participate in rulemaking proceedings, not to provide such a party with actual notice. *Id.*

Second, the FCC stated that its policy for accepting late filings was "limited to situations where there is no opposition to the channel proposals and where there would be no adverse impact on another pending proposal." *Memorandum Opinion and Order*, 64 Rad.Reg.2d at 1409. Since Estereotempo's competing petition was still pending at the time of Rodriguez's and Amor's late filings, the FCC deemed these showings to fall outside of this late acceptance policy.

Amor is now appealing the Commission's decisions to deny the rulemaking petition and subsequent petitions for reconsideration, on the grounds that these orders deviated from actual Commission policy regarding late-filed expressions of interest.

## II. ANALYSIS

Amor's challenge to the FCC's dismissal of the rulemaking petition is based on a claim of disparate treatment. According to Amor, the Commission has accepted late-

filed petitions in the past, even when those petitions were contested. Moreover, Amor argues, the Commission has provided no rational basis for treating the present case in a different fashion. Amor cites as examples two decisions, *Camden and Rockland, Maine,* 3 FCC Rcd 3621 (1988), and *Roland and Heavener, Oklahoma,* 3 FCC Rcd 2684 (1988), in which Amor contends that the Mass Media Bureau ("Bureau") of the FCC accepted late-filed petitions in similar circumstances.

*Camden and Rockland, Maine* presents a factual scenario similar to the present case; a broadcast company petitioned for a channel allotment, but did not file comments in response to the FCC's rulemaking notice. A third party, however, did file comments after the filing deadline. The Bureau accepted the late-filed comments, despite the presence of a counterproposal, "for the purpose of permitting the expression of interest in an allotment to Camden, Maine." *Camden,* 3 FCC Rcd at 3621–22 n. 2.

Similarly, in *Roland and Heavener, Oklahoma,* the Bureau also accepted late-filed comments in response to a proposed rulemaking, in the face of a pending counterproposal. The Commission explained that the interested party's failure to file timely supporting comments was an "inadvertent oversight" rather than a conscious act, noting that the interested party filed the petition for rulemaking *pro se,* without assistance of counsel until after receipt of the counterproposal. *Roland,* 3 FCC Rcd at 2686.

Here, according to Petitioner, the Commission declined to accept the late-filed petitions of Rodriguez and Amor, despite the fact that they, too, were proceeding *pro se* at the time of the Notice, and alleged the additional difficulty of lacking the English language skills necessary to comprehend the Notice. Viewed in this fashion, Petitioner argues, the two Bureau cases evidence a facial inconsistency with the dismissal at issue.

Even assuming this inconsistency, however, the two Bureau decisions are not binding on the Commission as a decision-maker. First, both cases were decided *after* the Commission's dismissal of the case at hand. If there is an inconsistency, it would appear more appropriate for the parties to these later cases to contest the inconsistency, than for the present party to base its claim to inconsistency on subsequent opinions.

Second, both *Camden* and *Roland* are decisions of a subordinate body of the Commission, the Mass Media Bureau. Therefore, even if these cases were found to evince internal inconsistency at a subordinate level, the Commission itself would not be acting inconsistently. *See, e.g., Homemakers North Shore, Inc. v. Bowen,* 832 F.2d 408, 413 (7th Cir.1987) (divergent views taken by agency "minions" do not diminish the authority of the agency as an entity). Rather, the present case is the Commission's only statement of its policy of denying late-filed petitions in the face of competing proposals. Moreover, if it were the case that the Mass Media Bureau erred in reaching arguably contrary holdings in *Camden* and *Roland,* those cases are not now before this Court.

In addition, the FCC addressed the alleged inconsistency between *Camden* and *Roland* and the present case. With regard to *Camden,* the FCC explained that, while the late-filed expression of interest did at one time face a competing counterproposal, that counterproposal had been withdrawn by the time of the FCC's decision. Since the FCC does not "accept" filings independent of ruling on a proceeding, *Camden* did not actually involve a late-filed proposal accepted in the face of a timely conflicting counterproposal, and "the language in *Camden* 'accepting' the petition was unnecessary and not of decisional significance." *Memorandum Opinion and Order,* FCC 89–111. Similarly, in *Roland,* the two conflicting proposals timely filed were resolved prior to the FCC's ruling on the late-filed expression of interest. *Id.* Thus, the FCC viewed both *Camden* and *Roland* as analogous to uncontested cases, where its policy is to routinely accept late-filed expressions of interest.

■ As it was not necessary for the FCC to address these nonbinding decisions, we need not reach the validity of the FCC's

reasoning. Rather, we need only find the Commission's policy on late filings to be reasonable and within the Commission's discretion. The Commission has stated that it does in fact accept late-filed petitions of interest where there is no opposition to the channel proposal. There, the Commission argues, it is in the public interest to conserve the agency resources that would be necessary to process a second petition for rulemaking filed upon initial dismissal. *Memorandum Opinion and Order,* 64 Rad.Reg.2d at 1409. In contrast, accepting late filings in the face of competing applications undermines the integrity of the Commission's processes by retarding resolution of the competing interests. *Id.* As no second petition would likely be filed following a rulemaking that favored a competing proposal, there is no commensurate saving of agency resources to justify such an agency compromise. In light of this rationale, we cannot find that the Commission's policy constitutes an abuse of agency discretion.

The result of the Commission's refusal to accept late filings in the present case is, of course, the denial of first local service to Santa Isabel. However, while provision of first local service is a Commission priority, *see Pasadena Broadcasting Co. v. FCC,* 555 F.2d 1046, 1050–51 (D.C.Cir.1977), it cannot be sought at the expense of all procedural requirements. *See, e.g., North Texas Media, Inc. v. FCC,* 778 F.2d 28 (D.C.Cir.1985) (FCC not required to waive mileage separation rule, even where denial prevented provision of first local service); *Sotomayor v. FCC,* 721 F.2d 1408 (D.C.Cir. 1983) (FCC not required to waive minimum distance requirements where waiver would enable first local service).

In reviewing the Commission's decision to terminate rulemaking proceedings, we offer great deference to the Commission's authority. *Compare National Ass'n of Regulatory Utility Commissioners v. Dep't of Energy,* 851 F.2d 1424, 1430 (D.C.Cir.1988) ("[A]n Agency's refusal to institute rulemaking proceedings is at the high end of the range [of judicial deference].") (quoting *American Horse Protection Ass'n v. Lyng,* 812 F.2d 1, 4 (D.C.Cir. 1987)). As the petitioners have failed to show that the Commission's decision is unreasonable or inconsistent with prior FCC policy for accepting late-filed comments; we must defer to the Commission's decision to dismiss the rulemaking petition. For the preceding reasons, the FCC's decision to dismiss this rulemaking petition is therefore

AFFIRMED.