United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued May 18, 1998 Decided June 16, 1998

 No. 97-1544

 Lorenzo Jelks, 

 Appellant

 v.

 Federal Communications Commission, 

 Appellee

 Gonzales Broadcasting, Inc., et al., 

 Intervenors

 Appeal of an Order of the 

 Federal Communications Commission

 Lewis J. Paper argued the cause and filed the briefs for 
appellant.

 Roberta L. Cook, Counsel, Federal Communications Com-
mission, argued the cause for appellee, with whom Christo-

pher J. Wright, General Counsel, and Daniel M. Armstrong, 
Associate General Counsel, were on the brief.

 James J. Freeman, Dennis F. Begley, Margaret L. Tobey 
and Curtis T. White were on the brief for intervenors Gon-
zales Broadcasting, Inc., et al. Matthew H. McCormick 
entered an appearance.

 Before: Sentelle, Randolph and Garland, Circuit Judges.

 Opinion for the court filed Per Curiam.
 Per Curiam: Lorenzo Jelks appeals from a decision by the 
Federal Communications Commission (FCC) denying his ap-
plication for a construction permit to build a new FM radio 
station in Mableton, Georgia. Because Jelks never amended 
his application to indicate that he had the necessary financial 
qualifications, and because such an amendment was necessary 
before Jelks could submit evidence of his qualifications at a 
hearing, we affirm the decision of the Commission.

 Jelks filed his application for a construction permit on July 
10, 1987. At the time, the application form required each 
applicant to check either a "yes" or "no" box in response to 
the following:

 The applicant certifies that sufficient net liquid assets are 
 on hand or that sufficient funds are available from com-
 mitted sources to construct and operate the requested 
 facilities for three months without revenue.

Jelks checked the "no" box, but added: "Applicant will file an 
amendment relating to his financial qualifications in the near 
future." Jelks never filed the promised amendment.

 The FCC issued a hearing designation order 1 to consider 
the applications of Jelks and numerous competitors, and 
subsequently added a financial qualifications issue against 

__________
 1 The hearing designation order was issued pursuant to 47 
U.S.C. s 309(e), which provides that the Commission "shall formally 
designate [an] application for hearing" if "a substantial and material 
question of fact is presented" or if the Commission is unable to 
make a finding under s 309(a) "that public interest, convenience, 
and necessity would be served by the granting" of the application.

Jelks. Jelks made no effort to amend his application or to 
show good cause for the late filing of an amendment. In-
stead, at the March 7, 1989 evidentiary hearing, Jelks prof-
fered an exhibit to show that he was financially qualified. 
The administrative law judge (ALJ) rejected the exhibit 
because it varied from the "no" certification in Jelks' applica-
tion and because Jelks had failed to amend the application. 
Thirteen months later, noting that Jelks still had not filed an 
amendment, the ALJ ruled against Jelks on the financial 
qualifications issue and denied his application. See Mableton 
Broad. Co., 5 F.C.C. Rcd 2474, 2496 (1990).

 Jelks filed exceptions with the FCC's Review Board, which 
affirmed the denial of Jelks' application on the ground that he 
had neither amended his application nor shown good cause 
for filing an amendment late. See Mableton Broad. Co., 8 
F.C.C. Rcd 7609, 7616 (1993). Jelks then appealed to the 
FCC. The Commission denied the petition for review, hold-
ing it was FCC policy at the time of Jelks' application that, in 
order to make a showing at a hearing contradicting a repre-
sentation in an application, an amendment supported by good 
cause was required. See Gonzales Broad., Inc., 12 F.C.C. 
Rcd 12,253, 12,259 (1997). At the same time, the Commission 
approved a settlement among the remaining applicants and, 
pursuant thereto, granted the application of intervenor Gon-
zales Broadcasting, Inc. See id. at 12,260.

 FCC rules provide that an application may be amended as 
of right before the application is designated for hearing, see 
47 C.F.R. s 73.3522(a), and, in comparative broadcasting 
cases, within thirty days after the application has been desig-
nated for hearing if the amendment relates to issues first 
raised in the designation order, see 47 C.F.R. s 73.3522(b)(2). 
Thereafter, the agency will consider amendments "only upon 
a showing of good cause for late filing." 47 C.F.R. 
s 73.3522(b)(1).2 In an apparent effort to avoid the conse-
quences of the "good cause" requirement, Jelks contends that 

__________
 2 In Erwin O'Conner, the FCC Review Board identified the 
following factors as relevant to the good cause determination:


his financial qualifications exhibit should have been allowed 
into evidence without amendment of his application. Citing 
cases from 1981 and before, he asserts that Commission 
policy permitted applicants to tender financial qualifications 
evidence at variance with their applications without submit-
ting an amendment supported by good cause. Moreover, he 
contends, even if there were a change in that policy prior to 
his hearing, the FCC provided insufficient notice of that 
change.

 Jelks is correct in noting that the FCC has not always been 
strict in requiring good cause to amend, or amendment at all, 
in order to introduce evidence at variance with an application. 
See Aspen FM, Inc., 6 F.C.C. Rcd 1602, 1603 (1991) (discuss-
ing pre-1981 policy); Neil N. Levitt, 33 F.C.C. 720, 722 (Rev. 
Bd. 1962). The FCC has conceded as much. See Gonzales 
Broad., 12 F.C.C. Rcd at 12,259. Jelks is also correct that 
the Commission must provide notice of changes in application 
requirements, particularly where the sanction for failure to 
meet those requirements is dismissal without reaching the 
merits. See Salzer v. FCC, 778 F.2d 869, 875 (D.C. Cir. 
1985); see also CHM Broad. Ltd. Partnership v. FCC, 24 
F.3d 1453, 1457-58 (D.C. Cir. 1994). Jelks is wrong, however, 
in contending that the requirements at issue here had not 
changed by the time of his evidentiary hearing and that the 
agency had not provided adequate notice of that change.

 Prior to 1981, the FCC required broadcast applicants to 
submit detailed documentation demonstrating their financial 

__________
 that [the party seeking to amend] acted with due diligence; 
 that the proposed amendment was not required by the volun-
 tary act of the applicant; that no modification or addition of 
 issues or parties would be necessitated; that the proposed 
 amendment would not disrupt the orderly conduct of the 
 hearing or necessitate additional hearing; that the other par-
 ties will not be unfairly prejudiced; and that the applicant will 
 not gain a competitive advantage.

22 F.C.C.2d 140, 143 (1970); see also Royce Int'l Broad. Co. v. FCC, 
820 F.2d 1332, 1335 (D.C. Cir. 1987) (citing Erwin O'Conner and 
discussing same factors in television licensing context).
qualifications. In 1981, the Commission substituted a revised 
application form that, among other things, required only a 
simple "yes" or "no" certification to the financial qualifications 
statement set out above. See Mission Broad. Corp. v. FCC, 
113 F.3d 254, 258 (D.C. Cir. 1997); Revision of Application 
for Construction Permit for Commercial Broadcast Station, 
50 Rad. Reg. 2d (P & F) 381, 382, 397 (1981). Once it 
adopted this certification policy, the FCC also "generally 
required that an applicant 'demonstrate that it had a reason-
able assurance of financing at the time that it made its initial 
certification' before it [would] be permitted to amend its 
application." Mission Broad., 113 F.3d at 261 (quoting 
Pontchartrain Broad. Co. v. FCC, 15 F.3d 183, 184 (D.C. Cir. 
1994)). As we explained in Mission Broadcasting, the Com-
mission "modified its liberal amendment policy ... when it 
eliminated the requirement that each applicant submit de-
tailed financial documents; the agency was concerned that an 
applicant would certify to its financial qualifications first and 
secure its financing only later." Id. (citing Pontchartrain 
Broad., 15 F.3d at 185); see also Aspen FM, 6 F.C.C. Rcd at 
1603.

 The Commission's new policy was reflected in its 1985 
decision in Chudy Broadcasting Corp., 58 Rad. Reg. 2d (P & 
F) 133 (1985). There, the ALJ refused to permit a post-
designation amendment, unsupported by good cause, of a 
broadcast application. On review, the Commission rejected 
the applicant's contention that it should have been permitted 
to continue to prosecute its application without an amend-
ment. And since without the amendment the applicant was 
left with a proposal that was not financially viable, the FCC 
upheld the dismissal of the application. See id. at 135. The 
Commission explained:

 We have recently undertaken to place greater emphasis 
 on providing service to the public in the most efficient, 
 expeditious manner possible. Temporizing with flawed 
 proposals has in the past disserved the public interest by 
 inordinately delaying the initiation of new service.

Id. at 134-35 n.7. Cf. Hillebrand Broad., Inc., 1 F.C.C. Rcd 
419, 419 (1986) (recognizing that procedural deficiencies in 


applications did not always result in dismissal in the past, and 
that "applicants' temporizing activities have been indulged on 
occasion," but emphasizing that "times have changed and so 
has Commission policy"). See also Edwin A. Bernstein, 4 
F.C.C. Rcd 8420 (Rev. Bd. 1989), rev. denied, 5 F.C.C. Rcd 
2843 (1990), aff'd sub nom. Lefebvre v. FCC, 926 F.2d 1215 
(D.C. Cir. 1991) (table).

 As against these developments, Jelks principally cites two 
opinions which, he claims, justified his purported ignorance of 
the need to amend his application--a claim belied by his 
representation on that application that he would "file an 
amendment relating to his financial qualifications in the near 
future." The first is the FCC's 1983 decision in South 
Florida Broadcasting Co., which held that a pre-1981 appli-
cant that had failed to demonstrate its financial qualifications 
on the old form could not avoid a hearing simply by amending 
its application to add the post-1981 "yes" certification. See 
94 F.C.C.2d 452, 455 (1983); see also Q Prime Inc., FCC 
91M-629 (ALJ Feb. 15, 1991). But the FCC's decision that 
an amendment is not sufficient to resolve a financial qualifica-
tions issue hardly establishes that it is not a necessary 
precondition to so doing.

 Jelks also cites a 1989 decision by the FCC's Video Ser-
vices Division, holding that an application was not necessarily 
"unacceptable for filing" simply because the applicant had 
marked the "no" box regarding financial certification. See 
Citylight Communications, Inc., 4 F.C.C. Rcd 1676, 1676-77 
(1989). Although the Division did state in dictum that "[t]he 
remedy for failure to certify is not dismissal, but amendment 
or, failing that, specification of a financial qualifications issue 
against the relevant applicant," id. at 1677, the only question 
at issue was whether the application could be filed. Hence, 
Citylight simply did not address the question of how an 
applicant who failed to amend could introduce evidence at a 
hearing to meet a financial issue designated against it. Of 
course, even if Citylight were inconsistent with the policy the 
FCC set for post-designation amendments in Chudy, Jelks 
could hardly take any comfort from it. As counsel for Jelks 
conceded at oral argument, a subordinate body like the 


Division cannot alter a policy set by the Commission itself. 
See Amor Family Broad. Group v. FCC, 918 F.2d 960, 962 
(D.C. Cir. 1990).

 We conclude that the FCC provided Jelks with adequate 
notice that if he wanted to submit an exhibit at variance with 
his application, he would have to amend that application and 
show good cause for late filing. Because he did not do so, the 
ALJ did not err in rejecting the exhibit, and neither the ALJ 
nor the Commission erred in consequently denying Jelks' 
application. We have considered Jelks' other arguments and 
find that none warrants reversal of the Commission's decision 
or further discussion here.